IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES D. SLAUGHTER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.05 C 5988 |
| ) | |
| SOCIAL SECURITY, SsID, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Slaughter filed this *pro se* action, arising from the denial of social security benefits. Along with his complaint plaintiff filed a petition to proceed *in forma pauperis* and a motion for appointment of counsel. For the following reasons, we grant plaintiff's motion to proceed *in forma pauperis*, but we deny his motion for appointment of counsel.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his financial affidavit, plaintiff discloses that he was last employed in September of 2000, and that he currently receives welfare benefits. His sister, with whom he lives, owns a house and a car of unknown value. This is sufficient evidence of financial need.

In reviewing a petition to proceed *in forma pauperis*, we analyze the claims and dismiss a complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the petition we apply the standard used in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties are held to less stringent standards than pleadings drafted by lawyers.

Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

Plaintiff attaches a number of medical records to his complaint, including documents from the Chicago Department of Health and the University of Illinois Medical Center. These records consist of test results and questionnaires. It appears that plaintiff sought medical relief after suffering three episodes of fainting. We are unable to determine with more specificity the contents of these reports because many portions are unintelligible.

In his brief complaint, plaintiff states that he has been denied Social Security disability three times, and asks the court to review his case. He also informs the court that he is currently receiving medical treatment and is unable to work or look for work. In the letter denying plaintiff's request for review of the administrative law judge's decision, the administrative appeals judge informed plaintiff that he could file a civil action. Aside from several minor points, it appears that plaintiff has complied with the instructions provided to him.[1] We have jurisdiction to review final decisions of the Commission of the Social Security Administration under 42 U.S.C. § 405(g). We doubt that dismissing the complaint without prejudice would, at this time, lead to additional details supporting plaintiff's claim for relief. The better option is to grant plaintiff's motion to proceed *in forma pauperis*. At this time appointment of counsel is premature and plaintiff's motion is denied to that extent.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* is granted, but his motion for appointment of counsel is denied.

_____Dec. 28_____, 2005.

JAMES B. MORAN
Senior Judge, U. S. District Court

---

[1] Plaintiff fails to include his social security number in his complaint, and in the caption he names as defendant "Social Security SsiD," instead of "Jo Anne B. Barnhart, Commissioner of Social Security." Plaintiff must also send copies of his complaint and the court-issued summons to (1) the U.S. Attorney for the Northern District of Illinois, (2) the Attorney General of the United States, and (3) the General Counsel of the Social Security Administration. The denial letter provides the addresses for the Attorney General and General Counsel. Plaintiff must send his complaint and the summons by certified or registered mail. Plaintiff has 120 days after filing his complaint in order to serve the above-listed parties.